UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>JEFFREY DONALD WHEELER and CINDY MARIE WHEELER,<br>    Debtors. | Bankruptcy No.: 04-23643 |
| JEFFREY DONALD WHEELER and CINDY MARIE WHEELER, and the MARITAL ESTATE COMPOSED THEREOF,<br><br>    Plaintiffs,<br><br>   v.<br><br>FREMONT INVESTMENT & LOAN d/b/a FREMONT INVESTMENT LOAN COMPANY, a Washington corporation; DEUTSCHE BANK NATIONAL TRUST, a Delaware corporation; LITTON LOAN SERVICING LP, a Washington limited partnership; MORTGAGE ONE & ASSOCIATES, INC., a Washington Corporation; NORTHWEST TRUSTEE SERVICES, PLLC, a Washington professional | Adversary No. 04-01550-KAO<br><br>SECOND AMENDED COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY, OR EXTENT OF A LIEN, TO OBTAIN INJUNCTIVE RELIEF AND DAMAGES |

SECOND AMENDED COMPLAINT
Page 1 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

| | |
|---|---|
| 1 | limited liability corporation, JP Morgan Chase |
| 2 | Bank as Trustee for the Home Equity Trust |
| 3 | Series 2002-4, a New York Corporation, and |
| | Home Equity Trust Series 2002-4, an unknown |
| 4 | foreign entity |

Defendants.

Jeffrey Donald Wheeler and Cindy Marie Wheeler, (the "Wheelers"), the debtors in-possession in this Chapter 13 case, allege as follows:

## I.   INTRODUCTION

The Wheelers claim that the Defendants' joint and several acts constituted violations of the federal Truth in Lending Act, the federal Real Estate Settlement Procedures Act, and Washington consumer laws, including 19.86 RCW (the "Consumer Protection Act") and amount to fraud, negligence, unjust enrichment, and other common law wrongs in the making of the loan. Having properly rescinded the transactions and the security interests in their home, the Wheelers ask that this Court declare that the loan and the deed of trust are void and invalid. The Wheelers also ask that the Court order payment of damages, costs and attorneys fees for the Defendants' joint and several unlawful acts, enjoin the foreclosure sale of their home and enjoin Defendants from engaging in similar conduct in violation of the Washington Consumer Protection Act.

## II.   JURISDICTION

2.1     The Wheelers filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on October 21, 2004 (the "Petition Date").

SECOND AMENDED COMPLAINT
Page 2 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

2.2 Pre-petition, the Wheelers filed a Complaint for Injunctive Relief and Damages in the Superior Court of the State of Washington, County of King, Cause No. 04-2-06731-6KNT, <u>Jeffrey Donald Wheeler and Cindy Marie Wheeler vs. Fremont Investment & Loan et al</u> ("State Court Complaint").

2.3 On November 10, 2004, the Debtors removed the State Court Complaint to the Western District of Washington Bankruptcy Court in Seattle.

2.4 This Court has jurisdiction over the removed action under adversary proceeding 04-01550-KAO, pursuant to 28 U.S.C. §§ 157, 1334, 2201, 11 U.S.C. §§ 544, 502, 510, 550, and GR 7.1.01 of the Rules of the United States District Court for the Western District of Washington, and Federal Rule of Bankruptcy Procedure 7001.

2.5 This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), and (K).

2.6 Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### III. PARTIES

3.1 Jeffrey Donald Wheeler is a natural person and is a resident of King County, Washington, and is a "person," "consumer," or "borrower," within the meaning of all statutes and laws applicable herein.

3.2 Cindy Marie Wheeler is a natural person and is a resident of King County, Washington, and is a "person," "consumer," or "borrower," within the meaning of all statutes and laws applicable herein.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

3.3    Defendant Fremont Investment & Loan is believed to be a corporation based in California, is licensed and bonded to operate business throughout the State of Washington, and took a security interest in real property located at 425 SW 5th Place, Renton, Washington in King County (hereinafter "Property"). The Property's legal description follows:

> Lots 6 and 7 in block 16 of Earlington, as per plat recorded in volume 14 of plats, page 7, records of King County Auditor; Except a portion lying northerly of the southerly boundary of the certain strip of land deeded to the city of Renton for street purposes under recording no. 8208110369; Together with that portion of the alley adjoining on the south vacated under city of Renton ordinance no 3650, as attached said premises by operation of law; Situate in the city of Renton, county of King, state of Washington.

3.4    Defendant Fremont Investment & Loan, at all times relevant hereto, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the entity to which the subject transaction is initially payable, making the Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a) (17).

3.5    Defendant Fremont Investment & Loan is a licensee under R.C.W. 31.04.015, and an affiliate within the meaning of R.C.W. 19.146.010.

3.6    Defendant Deutsche Bank National Trust is believed to be a corporation based in Delaware that was assigned the First Note and Deed of Trust (explained below) from defendant Fremont Loan and currently is the holder of that note and deed of trust.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130
Fax: (206) 398-4136

3.7    Defendant Litton Loan Servicing LP is believed to be a corporation based in the state of Texas. Defendant Litton Loan Servicing LP has a contractual relationship with defendant Deutsche Bank to both service its loan and to represent defendant Deutsche Bank in any matter connected with that loan and deed of trust.

3.08    Defendant Mortgage One & Associates, Inc. ("Mortgage One") is believed to be a Washington corporation doing business at 1429 Market Street, Kirkland, Washington, licensed and bonded to conduct business in Washington.

3.09    Defendant Mortgage One is a broker or affiliate within the meaning of R.C.W. 19.146.010.

3.10    Defendant Northwest Trustee Services, PLLC, is believed to be a Washington corporation, with offices at 3535 Factoria Boulevard, Suite 200, Bellevue, Washington, and is the trustee for the deed of trust in the Property currently held by defendant Deutsche Bank.

3.11    Defendant JP Morgan Chase Bank is believed to be a New York Corporation, with offices at 270 Park Ave, Suite 3500, New York, NY, 10017. JP Morgan Chase Bank is believed to be the trustee for Home Equity Trust Series 2002-4.

3.12    Defendant Home Equity Trust Series 2002-4 is an unknown foreign entity which is believed to be the holder of the promissory note of the Second Loan, previously held by Fremont Loan.

## IV.    FACTUAL BACKGROUND

4.1    Jeffrey Donald Wheeler and Cindy Marie Wheeler are a married couple residing in King County, Washington.

SECOND AMENDED COMPLAINT
Page 5 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

4.2     Jeffrey Wheeler has been diagnosed as being developmentally disabled since childhood. Cindy Wheeler is developmentally disabled, also diagnosed since childhood.

4.3     Both receive counseling from ARC, a non-profit organization that provides assistance to developmentally disabled persons.

4.4     Cindy Wheeler also receives services through the Department of Social and Health Services, Department of Developmental Disabilities and the Department of Vocational Rehabilitation.

4.5     In both cases, their disabilities are open and apparent to a casual observer who engages either of the Debtors in conversation.

4.6     Jeffrey Wheeler is self employed as a truck driver, operating his truck as a subcontractor.

4.7     Cindy Wheeler was employed at the Renton Waste Water treatment facility until December 2001.

4.8     On October 16, 1996, the Wheelers purchased a home at 425 SW 5th Place, in Renton, Washington, the legal description of such was described in part II, paragraph 3 above.

4.9     The home was initially purchased through a loan made by the Washington Mutual bank.

4.10     The Wheelers financed $128,907.13 at an initial variable interest rate starting at 8.977%. Payments were anticipated to be $1,029.53 beginning on January 1,

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

1997, and were to be subsequently adjusted to $1,091.03 on January 1, 2002. Actual payments were $1,198.46, including taxes and insurance, adjusted to $1,133.21 by November 11, 2001.

4.11    Cindy Wheeler lost her job at the Renton Waste Water treatment facility in December of 2001, and the Debtors were concerned about their being able to continue to pay their consumer debt on the income generated by Jeffrey Wheeler alone.

4.12    Consequently, in January 2002, the Wheelers applied to refinance their home loan through New Century Mortgage Corporation, using Consolidated Mortgage as their broker.

4.13    This first refinanced loan, (hereafter *"First Refinance"*), which included monies paid to the Debtors to pay off consumer debt, had a principal of $165,000.

4.14    This *First Refinance* loan had an adjustable interest rate, with an initial interest rate of 8.99%. Included in the loan documents for the *First Refinance* was a Prepayment Rider.

4.15    Sometime in late February or early March, 2002, the Wheelers were called by Tony Oh, who represented himself as a mortgage specialist under the business name BD Enterprise.

4.16    The Wheelers were approached about re-financing their home to pay off their current mortgage (not yet one month old) and their car loan, in order to further lower their overall monthly debt payments. Their car payment was particularly high because of the three year duration.

SECOND AMENDED COMPLAINT
Page 7 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

4.17    In that telephone conversation, the Debtors answered questions and gave financial information to Tony Oh with the understanding that Tony Oh would use the information to prepare a loan application for their consideration.

4.18    Tony Oh subsequently visited the Debtors at their home, providing them with loan applications already filled out. At that meeting, the Debtors were assured that refinancing their home loan a second time (hereafter *"Second Refinance"*) and paying off their car loan could reduce their payments and be beneficial to them.

4.19    At no time were they given any warning that, as a result of moving their car loan under the secured umbrella of their home mortgage, a default on this underlying debt would now result in foreclosure on their home, rather than simply a judgment and possible repossession of their car.

4.20    Mr. Oh also did not explain to the Wheelers at this time that in order to re-finance their home again and pay off their car debt, they would have to pay upwards of $12,000 in additional costs and fees.

4.21    Mr. Oh, as mortgage broker, did not discuss with the Wheelers the possibility of securing a small loan to pay off only their car loan, secured by a second deed of trust on their home or a lien on their car. He discussed only a total refinancing of their home as the means to lower their monthly debt payments.

4.22    Due to the nature of the Wheelers' disabilities, the Wheelers placed a greater than normal reliance on the representations and acts of Tony Oh.

SECOND AMENDED COMPLAINT
Page 8 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

4.23 The Wheelers were told that the documents would be taken somewhere in Issaquah for approval.

4.24 Over the period of some two months during which these loans were processed and pending, the Wheelers received numerous disclosure documents; however, given their disability and the changing nature of the information contained in these documents (as described below), they never fully understood the nature, terms or consequences of the contracts that they ultimately signed.

4.25 Two Uniform Residential loan applications, prepared by a Jason Bartlett, who is identified as an employee of Mortgage One, were completed for the Wheelers. One application was for a loan in the amount of $157,600 (hereinafter referred to as the "First Loan") at 9.35% and the other was for $39,400 (hereinafter referred to as the "Second Loan") at 12.99%.

4.26 Section IV of both loan applications states that Jeff Wheeler is self-employed and that Cindy Wheeler is unemployed.

4.27 Section V of the loan application form reports monthly income and combined housing expense information.

4.28 Section V of the form for the Second Loan has a typed-in number of $6500.00 as the Wheelers total monthly income. (This section is missing from the unsigned copy of the First Loan application in the Wheelers' possession.)

4.29 On the Wheelers' joint 2001 tax return, dated March 9, 2002, the Wheelers show an adjusted gross income of $51, 696.00, or $4308 per month.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130
Fax: (206) 398-4136

4.30 However, Cindy Wheeler ceased working in December of 2001, as is reflected on the loan application forms employment listing. Thus the Wheelers' actual monthly income at that time was closer to $2,000 per month.

4.31 The Wheelers received an initial Good Faith Estimate ("Estimate") dated March 1, 2004 for the First Loan. This Estimate disclosed a loan amount of $157,600 and an interest rate of 9.35%, with a monthly payment of $1307.97. It also disclosed a total of $11,808.43 in closing costs and prepaid items, including:

- Loan origination fee of 5%        $9,750.00
- Processing Fee                    $499.00
- Administration/Warehouse fee      $175.00
- Miscellaneous Lenders Fee         $379.00
- Escrow Fee                        $450.00
- Credit Report                     $25.00
- Prepaid Interest                  $213.43
- Title Insurance                   $324.00
- Recording Fees                    $18.00

4.32 This Estimate showed the lender to be Mortgage One.

4.33 An appraisal was commissioned for the Property for Mortgage One, and prospective borrowers Jeffrey and Cindy Wheeler. The Uniform Residential Appraisal Report dated April 27, 2002 and performed by Boyakins Appraisal Service, assigned a

SECOND AMENDED COMPLAINT
Page 10 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

current value to the Property of $195,000, through use of the indicated value by costs method, and of $197,000 using the sales comparison approach.

4.34 A letter was sent to the Wheelers dated May 15, 2002, from Fremont Investment & Loan indicating that their application for credit had been submitted to Fremont by Mortgage One for a loan at an initial interest rate of 8.6% and that this loan application had recently been processed.

4.35 This letter included a TILA disclosure and an Estimate, among other disclosures.

4.36 This TILA disclosure showed an Annual Percentage Rate ("APR") of 9.151% on a loan amount of $155,740.87 [presumably the First Loan], with an initial monthly payment of $1223, increasing to $1280.30 in 2004.

4.37 The Estimate accompanying the May 15 letter showed costs and fees of only $1,859.13, as follows:

- Lender Origination Fee                $599.00

- Prepaid interest                      $37.13

- Underwriting Fee                      $400.00

- Escrow/Closing Agent Fee             $750.00

- Flood Certification Fee              $13.00

4.38 Another TILA disclosure for the First Loan, dated May 17, 2002 and given as the final terms, changed the APR to 10.99% and reduced the amount financed to

SECOND AMENDED COMPLAINT
Page 11 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

$146,584.51. The payment structure is changed to a total of 360 payments, starting at $1307.98. No Estimate accompanied this TILA disclosure.

4.39    But on the HUD-1 Estimated Settlement Statement, the amount financed on the First Loan was again back to $157,600 (the eventual amount on the First Loan note) with costs and fees of $13,714.76, nearly 15% higher than on the original Estimate of March 1, 2002 and significantly higher than the Estimate provided with the May 15 letter.

4.40    The Wheelers did not receive a March 1 Estimate for the Second Loan, as they had for the First Loan, or a letter from Fremont Investment & Loan in mid-May with respect to their application for the Second Loan.

4.41    They did receive a TILA disclosure for the Second Loan dated May 17, 2002, which shows a loan amount of 39,385.98 with an APR of 12.997% and monthly payments of $498.25.

4.42    An Itemization of Amount Financed for the Second Loan, dated May 17, 2002, indicates pre-paid finance charges of only $14.02 for pre-paid interest, with no fees for the escrow agent or for a loan origination fee.

4.43    The HUD-1 Estimated Settlement Statement for the Second Loan, however, shows fees of $733.92, including $140.20 in pre-paid interest and nearly $400 to the escrow agent.

4.44    The Wheelers eventually signed two notes with Fremont Investment & Loan. The First Loan was for an amount of $157,600, and the Second Loan was for

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130
Fax: (206) 398-4132

$39,400. For each loan, they provided a deed of trust to their home in favor of Fremont Investment & Loan. The *Second Refinance* closed on May 24, 2003 through McGrath Escrow, Inc.

4.45 Following the closing, the Wheelers were given four copies of their Right to Rescind their Second Loan. However, they were given only one copy of their Right to Rescind their First Loan.

4.46 The Wheelers were never provided with any of the disclosures that are required under the Home Ownership and Equity Protection Act.

4.47 The Wheelers were never sent conformed copies of any of the documents signed at closing or a final HUD-1 Settlement Statement for either the First Loan or Second Loan.

4.48 The First Loan was then sold to Defendant Litton, and the Second Loan was serviced by Defendant Ocwen and subsequently by Wilshire Credit Organization Services.

4.49 Given that Jeff Wheeler only earned a net income of less than $2,000 per month and Cindy Wheeler remained unemployed, the Debtors were unable to keep up with their payments, totaling over $1800, on these two notes.

4.50 Consequently, they were given notice of a non-judicial foreclosure of the Property by Northwest Trustee Services, the trustee of the deed of trust for the First Loan assigned to defendant Deutsche Bank and serviced by Litton.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

4.51 Defendant Litton agreed to voluntarily stop the foreclosure sale pending resolution of the state court litigation.

4.52 Either shortly before or after the filing of the Chapter 13 bankruptcy, Fremont Investment & Loan sold the Second Loan to Home Equity Trust Series 2002-4, JP Morgan Chase Bank as Trustee for the Home Equity Trust Series 2002-4, or some related entity unknown to Plaintiffs at this time.

4.53 The information regarding the sale of the Second Loan was not known to the plaintiffs or their counsel until Chase filed a proof of claim in the bankruptcy matter.

## V.    FIRST CAUSE OF ACTION:

## RESCISSION AND VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT

5.1 The consumer credit transactions involved in the First Loan described above were subject to the Wheelers' right of rescission as described in 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

5.2 In the course of this consumer credit transaction, Defendant lender Fremont Investment & Loan and its agents or affiliates violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver two copies of the Notice of the Right to Rescind and one copy of the TILA disclosures to Cindy and Jeffrey Wheeler.

5.3 Pursuant to 15 U.S.C. § 1641, the assignees of the original lender, Litton Loan Servicing LP and Ocwen Federal Savings Bank FSB, are liable for any facial violations of TILA's disclosure requirements.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

5.4    The Wheelers have a continuing right to rescind the transaction until the third business day after receiving the required number of notices and all "material" disclosures described in paragraph 2, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

5.5    In addition, the Wheelers have a right to rescind the transaction for a period of three years after consummation because other material disclosures required under the Home Ownership and Equity Protection Act were not made, as alleged below.

5.6    On March 12, 2004, the Wheelers exercised their right to rescind the transaction by sending to Defendants Fremont Investment & Loan, Litton Loan Servicing LP, and Ocwen Federal Savings Bank FSB, by certified mail, return receipt requested, by FAX, and by Federal Express, a notice of rescission.

5.7    Service is considered to be made when the rescission is mailed pursuant to Regulation Z §§ 226.15(a)(2), 226.23.(a)(2).

5.8    As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), and the Notice of Rescission served by the Wheelers. Debtors are entitled to:

   a. Rescission of this transaction;

   b. Termination of any security interest in the Wheelers' property created under the transaction;

   c. Return of any money or property given by the Wheelers to anyone, including the Defendants, in connection with this transaction;

   d. Twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000;

SECOND AMENDED COMPLAINT
Page 15 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

e. Actual damages in an amount to be determined at trial; and

f. A reasonable attorney's fee.

## VI.    SECOND CAUSE OF ACTION:

## VIOLATIONS OF HOME OWNERSHIP EQUITY PROTECTION ACT (HOEPA)

6.1    The above-mentioned consumer credit transactions were high rate mortgages within the meaning of HOEPA, 15 U.S.C. § 1602(aa)(1)(B), in that the total "points and fees" Defendant Fremont Investment & Loan and its agents or affiliates charged Debtors exceeded 8% of the total loan amount.

6.2    Pursuant to 15 U.S.C. § 1641, the assignees of the original lender, Litton Loan Servicing LP and Ocwen Federal Savings Bank FSB, are liable for any facial violations of HOEPA's disclosure requirements.

6.3    Defendant Fremont Investment & Loan and its agents or affiliates have extended to the Wheelers high rate mortgages, as defined by 15 U.S.C. § 1602(aa), based on their collateral without regard to their repayment ability, including their current and expected income, current obligations and employment in violation of 15 U.S.C. § 1639(h).

6.4    Because the transactions described herein met the HOEPA definition of a high rate mortgage, the transactions were subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction Pursuant to 15 U.S.C. § 1639(b).

SECOND AMENDED COMPLAINT
Page 16 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

6.5    Defendant Fremont Investment & Loan and its agents or affiliates did not furnish the required HOEPA disclosures to the Wheelers three days prior to their settlement.

6.6    The loan extended to the Wheelers included a prepayment penalty in violation of 15 U.S.C. §1639(c).

6.7    The disclosure violations of HOEPA listed above also trigger the right to rescind the transaction up to three years from consummation, and the Wheelers have exercised their right to rescind, as described in Part V, Section A, Paragraph 6 above.

## VII.    THIRD CAUSE OF ACTION:

## BREACH OF FIDUCIARY OBLIGATION

7.1    Defendants Mortgage One, and Tony Oh acted as mortgage brokers for the Wheelers.  In that capacity, they owed a fiduciary duty to the Wheelers regarding advice about and the processing of their loan applications.

7.2    Defendant Fremont Investment & Loan, as the initial lender, also had an affirmative obligation to ensure the Wheelers' interests were not adversely impaired in this transaction and to engage in home-secured loans with them only if it reasonably appeared that they could afford to maintain the ongoing payments for this loan.

7.3    Defendants Fremont Investment & Loan, Mortgage One, and Tony Oh breached their fiduciary obligations to the Wheelers by causing them to secure an oppressive loan on inequitable and unconscionable terms, and to incur unfair, unearned, or unreasonable costs and fees.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

7.4     As a direct and proximate result of Defendants' breach, the Wheelers have been injured in their monies, securities, and property in an amount to be proved at trial.

## VIII.   FOURTH CAUSE OF ACTION:

## NEGLIGENT MISREPRESENTATION

8.1     Defendants Fremont Investment & Loan, Mortgage One, and Tony Oh made false, inaccurate, and/or incomplete representations to the Wheelers in order to induce them to enter into these loans.

8.2     As a direct result, the Wheelers suffered substantial damages in an amount to be proved at trial.

## IX.     FIFTH CAUSE OF ACTION:

## UNCONSCIONABILITY

9.1     Based on the facts alleged above, the contracts are unconscionable.

9.2     The Wheelers' developmental disabilities and the Wheelers' added reliance on the representations and actions of Defendants Fremont Investment & Loan, Mortgage One, and Tony Oh in the preparation of the terms and charges in the loan documents made this extension of credit procedurally unconscionable under Washington law.

9.3     In addition, the oppressive contract terms obtained by Defendants' superior bargaining power and knowledge to the severe detriment of the Wheelers are substantively unconscionable under Washington law.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

9.4    Defendants' unconscionable representations, acts, and omissions have caused the Wheelers to suffer damages in an amount to be proved at trial.

## X.    SIXTH CAUSE OF ACTION:

## CONSUMER PROTECTION ACT VIOLATIONS

10.1    The conduct described above of Defendants Fremont Investment & Loan, Mortgage One, and Tony Oh constitutes unfair and deceptive business practices in violation of Chapter19.86 R.C.W., occurred in trade or commerce, has the potential for repetition and impacts the public interest, in violation of the Consumer Protection Act.

10.2    As a result of these unfair and deceptive practices, the Wheelers have been injured in their Property in an amount to be proved at trial.

10.3    The Wheelers are entitled to actual damages, treble damages up to $10,000 and attorney fees and costs.

## XI.    SEVENTH CAUSE OF ACTION:

## INCAPACITY TO CONTRACT

11.1    Because Cindy and Jeffrey Wheeler are developmentally disabled and because the particular contract involved with the *Second Refinance* was a complex agreement, the Wheelers lacked the capacity to contract.

11.2    As a result of their incapacity to contract, the two notes and deeds of trust signed by the Wheelers and Fremont Investment & Loan for a loan of $157,600 and $39,400 are invalid.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

## XII. EIGHTH CAUSE OF ACTION:

## AVOIDANCE OF LIENS AND CLAIMS

12.1    The Wheelers, under the U.S. Bankruptcy Code, incorporate and reallege all the foregoing paragraphs as if fully set forth herein.

12.2    The allegations in this eighth cause of action concern the administration of the bankruptcy estate, the liquidation of assets and the validity, extent, or priority of liens on the Property.

12.3    The Wheelers entered into a *Second Refinance* on their Property within two months of their *First Refinance*.

12.4    The *Second Refinance* increased their prior mortgage from a $165,000 loan at 8.99% with monthly payments of approximately $1,326.45 plus taxes and insurance to (1) a $157,600 loan at 9.35% and (2) a $39,400 loan at 12.99%. For each loan, they provided a deed of trust to their home in favor of Fremont Investment & Loan.

12.5    In exchange for fees of $19,377.09, of which $12,315.04 went to closing costs (including fees to Mortgage One for $9,070.00 and to Fremont Investment & Loan for $999.00), and $7,062.05 went to pay off a prepayment penalty of $5,925.25 and interest of $1,136.80 associated with the *First Refinance*, the Wheelers netted a net cash benefit of only $12,443.27.

12.6    Their total monthly mortgage payment also increased from $1,326.45 plus taxes and insurance to $1,970.49 including taxes and insurance.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130
Fax: (206) 398-4136

12.7    In the *Second Refinance*, the Wheelers signed an adjustable rate note for $157,600 at a rate of 9.35% for 360 months. This note included a prepayment penalty with an initial monthly payment of $1,307.98 plus taxes and insurance. They also signed a fixed rate note for $39,400 at a rate of 12.99% for 180 months. This note also included a prepayment penalty and indicated a monthly payment of $498.25. The combined monthly payment was $1,806.23 plus taxes and insurance of $164.26 for an initial payment of $1,970.49.

12.8    Cindy Wheeler ceased working in December, 2001.

12.9    On the Wheelers' joint 2001 tax return, dated March 9, 2002, the Wheelers show an adjusted gross income of $51,696.00, or $4,308 per month.

12.10    However, without Cindy's income, the Wheelers' monthly net income went from approximately $4,308 a month to less than $2,000 a month at the time of the loan applications.

12.11    The total monthly payment of $1,970.49 after the *Second Refinance* required almost all of the Wheelers' monthly net income which proved beyond their ability to pay.

12.12    The Defendants have claims in this case, as defined in 11 U.S.C. §101(5), arising from the *Second Refinance* as described in detail above in paragraphs 4.18 through 4.48.

SECOND AMENDED COMPLAINT
Page 21 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

12.13  On November 23, 2004 Defendant Litton filed a proof of claim in the Wheelers' bankruptcy case for $181,295.87 secured by a first deed of trust on the Property.

12.14  The Wheelers did not receive reasonably equivalent value from the lenders, Defendant Fremont Investment & Loan and/or Defendant Litton, in exchange for the First Loan and the Second Loan on the Property within the meaning of RCW § 19.40.041.

12.15  Tony Oh of Mortgage One presented a completed application to the Wheelers with a total monthly income of $6,500.00 typed into Section V of the form for both the First and Second Loan.

12.16  The loan applications for both the First Loan and the Second Loan did not list an employer.

12.17  Mortgage One intended or reasonably should have known that the Wheelers would be unable to pay the monthly mortgage payment and made the loan anyway with reckless disregard to the Wheelers' financial situation.  The *Second Refinance* caused the Wheelers to incur debts beyond their ability to pay within the meaning to RCW §19.40.041.

12.18  The First Loan and the Second Loan and the interests securing them are avoidable, fraudulent transfers under the Washington Fraudulent Transfer Act, RCW § 19.40.041 and 11 U.S.C. §544(b)(1).

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

12.19  The Wheelers are owners of a homestead interest in the Property under RCW §6.13.010.

12.20  The First Loan and Second Loan are avoidable transfers pursuant to 11 U.S.C. §544(b)(1) because the obligations are voidable under applicable law including but not limited to violations of federal law under TILA, 15 U.S.C. §1601 et seq. and HOEPA, 15 U.S.C. §1601 et seq., and under state contract law for unconscionability and incapacity to contract as described in detail above.

12.21  If the claims of Defendant Fremont Investment & Loan and Defendant Litton are avoided under 11 U.S.C. §544(b)(1) as alleged above in paragraphs 12.1 through 12.20, then the Wheelers may recover the values of those claims under 11 U.S.C. §550.

### XIII.  NINTH CAUSE OF ACTION:

### DISALLOWANCE OF CLAIMS AND DECLARATORY JUDGMENT

13.1.  The Wheelers, under the U.S. Bankruptcy Code, incorporate and reallege all the foregoing paragraphs as if fully set forth herein.

13.2  As part of the *Second Refinance*, the Wheelers signed two notes with Fremont Investment & Loan on May 17, 2002.  The note for the First Loan was for an amount of $157,600, and the note for the Second Loan was for $39,400.  For each loan, they provided a deed of trust to their home in favor of Fremont Investment & Loan.

13.3  The First and Second Loan closed through McGrath Escrow on May 24, 2002.

SECOND AMENDED COMPLAINT
Page 23 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

Case 04-01550-KAO    Doc 62    Filed 03/23/05    Ent. 03/23/05 17:08:02    Pg. 23 of 27

13.4   The First Loan was subsequently sold to Deutsche Bank National Trust Company, as serviced by Defendant Litton, on or about May 30, 2002. The Second Loan remained with Defendant Fremont Investment & Loan but was serviced by Defendant Ocwen and is currently serviced by Wilshire Credit Organization Services.

13.5   Defendant Fremont Investment & Loan has a non-contingent, mature claim as defined by 11 U.S.C. §101(5) against the Property.

13.6   Defendant Litton has filed a proof of claim on November 23, 2004 in the Wheelers' bankruptcy case for $181,295.87 secured by a first deed of trust on the Property.

13.7   The Wheelers object to the claims of Defendant Fremont Investment & Loan and Defendant Litton because their claims are unenforceable against the Wheelers and property of the Wheelers, under applicable law pursuant to 11 U.S.C. §502(b)(1).

13.8   If the claims of Defendant Fremont Investment & Loan and Defendant Litton are avoided under 11 U.S.C. §544(b)(1) as alleged above in paragraphs 12.1 through 12.19, then their claims are not allowable under 11 U.S.C. §502(d).

13.9   If the claims of Defendant Fremont Investment & Loan and Defendant Litton are not allowable under 11 U.S.C. §502(d), then their liens are void under 11 U.S.C. §506(d).

13.10   The Wheelers seek a declaratory judgment pursuant to 28 U.S.C. §2201 that the claim of Defendants Fremont Investment & Loan that has not been filed in bankruptcy case be disallowed.

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

13.11 The Wheelers seek a declaratory judgment pursuant to 28 U.S.C. §2201 that the lien of Defendants Fremont Investment & Loan that has not been alleged in the bankruptcy case through a proof of claim be avoided.

## XIV. TENTH CAUSE OF ACTION:

## EQUITABLE SUBORDINATION

14.1 The Wheelers, under the U.S. Bankruptcy Code, incorporate and reallege all the foregoing paragraphs as if fully set forth herein.

14.2 Defendants Mortgage One, Fremont Investment & Loan and Litton breached their fiduciary duty as alleged above in paragraphs 7.1 through 7.4 and engaged in fraudulent and inequitable conduct in their involvement in the *Second Refinance* on the Wheelers' Property as alleged in paragraphs 4.1 through 4.51.

14.3 The actions of Defendants Mortgage One, Fremont Investment & Loan and Litton caused the Wheelers to decrease their equity in the Property without adequate consideration which resulted in injury to the Wheelers, their creditors, and/or an inordinate advantage over other creditors.

14.4 Principals of equitable subordination require that the full claims as defined by 11 U.S.C. §101(5) of Defendants Fremont Investment & Loan and Litton be subordinated to the claims of the general unsecured creditors pursuant to 11 U.S.C. §510(c).

## XV. RELIEF REQUESTED

WHEREFORE, the Wheelers respectfully request that the Court:

SECOND AMENDED COMPLAINT
Page 25 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

15.1 Declare that the Wheelers' mortgage transactions with Defendants Fremont Investment & Loan, Deutsche Bank National Trust, or Litton Loan Servicing LP are rescinded;

15.2 Declare that any mortgage and other security interest held by Defendants Fremont Investment & Loan, Deutsche Bank National Trust, or Litton Loan Servicing LP on the Wheelers' home is void and unenforceable;

15.3 Permanently enjoin any foreclosure action based on the loans and deeds of trust referred to above.

15.4 Avoid the obligations to Defendants Fremont Investment & Loan, Deutsche Bank National Trust and Litton and invalidate the concomitant liens under the Bankruptcy Code.

15.5 Declare and order that the claims of Defendants Fremont Investment & Loan, Deutsche Bank National Trust and Litton be equitably subordinated to the claims of the general unsecured creditors.

15.6 Award the Wheelers' actual damages for the unlawful acts of Defendants Fremont Investment & Loan, Mortgage One, Deutsche Bank, and Litton Loan Servicing LP in an amount to be determined at trial, including, but not limited to the return of all amounts paid to the Defendants by the Wheelers in the mortgage loan transaction;

15.7 Award the Wheelers treble damages under the Consumer Protection Act, and statutory damages for the Defendants' violations of other federal or state laws;

SECOND AMENDED COMPLAINT
Page 26 of 27 Bank.No. 04-23643 & Advers. No. 04-01550-KAO

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130

15.8 Award the Wheelers the costs of this action and a reasonable attorney's fee;

15.9 Enjoin the Defendants, pursuant to Chapter 19.86 R.C.W., from engaging in future unfair and deceptive acts or practices of the type described herein; and

15.10 Provide such other relief as to the Court may deem just and equitable.

DATED this 22nd day of March, 2005.

RONALD PETERSON LAW CLINIC

By _____

Betsy Hollingsworth, WSBA #6181
Attorneys for Debtors/Plaintiffs

SEATTLE UNIVERSITY
RONALD A. PETERSON LAW CLINIC
1112 E. Columbia
Seattle, Washington 98122-4340
Phone: (206) 398-4130